IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL LEWIS HOWARD | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0614-G |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael Lewis Howard, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was convicted of assault on a public servant and sentenced to 30 years confinement. His conviction and sentence were affirmed on direct appeal. *Howard v. State*, No. 05-99-02126-CR, 2001 WL 322808 (Tex. App.--Dallas, Apr. 4, 2001, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Howard*, No. 28,642-06 (Tex. Crim. App. Mar. 2, 2005). Having exhausted his state remedies, petitioner now seeks federal habeas relief.

II.

In four grounds for relief, petitioner contends that: (1) he received ineffective assistance of counsel; (2) the trial court erroneously admitted evidence of an unadjudicated extraneous offense;

(3) the evidence was factually insufficient to support his conviction; and (4) his conviction was the result of evidence obtained during an illegal search.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

In his first ground for relief, petitioner complains that his attorney: (1) failed to investigate the facts of the case and seek out potential witnesses; (2) advised petitioner not to testify at trial; (3) did not request a jury instruction limiting the consideration of extraneous offense evidence; (4) never obtained a ruling from the trial court on his *pro se* motion to suppress; (5) did not object to expert testimony regarding a blood sample taken from petitioner; and (6) failed to suppress the blood sample. Respondent counters that all but the first two claims are barred from federal habeas review because they were never presented to the Texas Court of Criminal Appeals and any attempt to do so at this juncture would be futile.

1.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). Only procedural rules that are firmly established and regularly followed by state courts can prevent habeas review of federal constitutional rights. *Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L. Ed.2d 824 (1982). Article 11.07 of the Texas Code of Criminal Procedure prohibits a second habeas petition if the petitioner urges grounds therein that could have been, but were not, raised in his first habeas petition. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07,

§ 4 (Vernon Supp. 2003).[1] This statute constitutes an adequate state procedural bar for purposes of federal habeas review. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 115 S.Ct. 2603 (1995). The procedural bar doctrine also applies to unexhausted claims if the state court would likely dismiss a successive habeas petition under article 11.07. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

2.

Although petitioner raised an ineffective assistance of counsel claim in his state writ, he argued only that his attorney: (1) failed to seek out potential witnesses and investigate the facts of the case; and (2) advised him not to testify at trial. Petitioner never sought relief on the other grounds urged in his federal writ.[2] No explanation is offered to excuse this procedural default. The

---

[1] The statute provides, in relevant part, that:

> (a)   If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1)   the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2)   by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt . . .

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a).

[2] One of the claims raised by petitioner in his state writ was that the trial court violated his right to due process by not ruling on his *pro se* motion to suppress certain evidence. (*See* St. Hab. Tr. at 6). However, petitioner never argued that counsel was ineffective for failing to obtain a ruling on that motion.

court finds that a Texas court, presented with these claims in a successive habeas petition, would likely find them barred under article 11.07.  Consequently, federal habeas relief is not proper. *Coleman*, 111 S.Ct. at 2557 n.1; *see also Nobles v. Johnson*, 127 F.3d 409, 422-23 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998).

3.

Petitioner alleges that his attorney failed to investigate the facts of the case and seek out potential witnesses.  At issue is the testimony of a jail nurse and an FBI agent who allegedly would have confirmed that petitioner suffered a wrist injury when the arresting officers refused to loosen the handcuffs placed on him.  According to petitioner, this evidence would have supported a defense that he resisted arrest and kicked the officers only because the handcuffs were too tight.  Petitioner also criticizes counsel for advising him not to testify at trial.

a.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding.  *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980).  To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness.  *Id.*, 104 S.Ct. at 2064.  The Fifth Circuit has described that standard as "requiring that counsel research relevant facts and law, or make an informed decision that certain avenues will not be fruitful."  *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005), *quoting United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003).  "A conscious and informed decision of trial tactics

and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).  Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance.  *Strickland*, 104 S.Ct. at 2067.  Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 2068; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was unreliable or proceeding fundamentally unfair due to deficient performance of counsel).

b.

Judged against this standard, petitioner cannot prove that his attorney was ineffective for failing to call witnesses who may have testified that he sustained a wrist injury because his handcuffs were too tight.  The evidence adduced at trial shows that petitioner was arrested by Hutchins police officers for speeding and investigation of driving while intoxicated.  (SF-III at 16-28).  When officers searched petitioner, they found an empty holster in his right hip pocket.  (*Id.* at 30; SF-IV at 83).  Petitioner was handcuffed and placed in the back seat of the squad car while the police searched his vehicle.  (SF-III at 30; SF-IV at 82-84).  As a result of that search, a loaded .38 caliber revolver was found underneath the driver's seat of his car.  (SF-IV at 28-29, 85).  Up to that point, petitioner remained calm.  (*Id.* at 33, 86).  However, when one of the officers emptied bullets from the gun onto the hood of the squad car, petitioner started rocking back and forth and banging his head against the protective glass.  (*Id.* at 33-34, 87-88).  Petitioner continued this behavior for approximately five minutes before the officers decided to further restrain him.  (*Id.* at 34, 89-91).  As two officers tried to pull petitioner from the back seat of the squad car, petitioner resisted and all three men fell to the ground.  (*Id.* at 35-37, 91).  Petitioner continued to struggle, kicking one of the officers in the face,

shoulder, and jaw. (*Id.* at 38-39, 91-93). Once petitioner was finally subdued, he started shaking and complained of difficulty breathing. (*Id.* at 40). Concerned that petitioner may have suffered a seizure, the officers called for an ambulance. (*Id.* at 40-41, 97). Petitioner was treated at the scene by paramedics before he was transported to jail. (*Id.* at 40).

At trial, defense counsel focused on whether petitioner knowingly and intentionally kicked the police officers, rather than whether petitioner assaulted the officers because his handcuffs were too tight. Counsel questioned the paramedic about petitioner's physical state and whether his behavior might have been caused by a seizure. (SF-V at 24-28). He also argued this theory to the jury during closing argument. (*Id.* at 42-47). On these facts, the state habeas court found that petitioner "was in no way denied his right to effective assistance of counsel at trial." (St. Hab. Tr. at 42). Petitioner has failed to rebut that finding or show that counsel was ineffective for pursuing this defense. *See Crane v. Johnson*, 178 F.3d 309, 314 (5th Cir.), *cert. denied*, 120 S.Ct. 369 (1999) (an informed decision based on trial strategy cannot be the basis for an ineffective assistance of counsel claim).

Nor was counsel ineffective for advising petitioner not to testify at trial. Petitioner was a twice convicted felon, with prior convictions for possession of a controlled substance and unauthorized use of a motor vehicle. (*See* St. App. Tr. at 4). Had petitioner testified at trial, those convictions could have been used for impeachment purposes. In light of his criminal record, petitioner cannot demonstrate that the advice given by counsel was deficient. *See Stovall v. Cockrell*, No. 3-00-CV-1407-P, 2003 WL 21750707 at *35 (N.D. Tex. Jul. 29, 2003), *rec. adopted*, 2003 WL 22289958 (N.D. Tex. Aug. 21, 2003) (counsel not ineffective for advising defendant with prior criminal history not to testify at trial).

C.

Next, petitioner contends that the trial court erred in admitting evidence of the unadjudicated extraneous offense of carrying a weapon. This claim fails for two reasons. First, the misapplication of state law is not cognizable in a federal habeas proceeding unless the petitioner can establish that the error deprived him of a fair trial. *See Evans v. Thigpen*, 809 F.2d 239, 242 (5th Cir.), *cert. denied*, 107 S.Ct. 3278 (1987); *Mattheson v. King*, 751 F.2d 1432, 1445 (5th Cir. 1985), *cert. dism'd*, 106 S.Ct. 1798 (1986). Here, petitioner does not allege, much less prove, that the admission of this extraneous offense evidence implicates due process or any other federal constitutional right. *See Saunders v. Cockrell*, No. 3-02-CV-0229-D, 2002 WL 31156719 at *2 (N.D. Tex. Sept. 24, 2002), *citing Lucas v. Johnson*, 132 F.3d 1069, 1082 (5th Cir.), *cert. dism'd*, 119 S.Ct. 4 (1998) (habeas relief warranted only when erroneous admission of evidence played a "crucial, critical [and] highly significant role" in trial).

Second, the state court determined that testimony regarding the gun found in petitioner's car was "same transaction contextual evidence." *Howard*, 2001 WL 322808 at *2, *citing Rodgers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993). Such evidence is admissible where, as here, two legally separate offenses are so blended or closely interwoven that proof of all facts is necessary to help the jury understand the charged offense. *See Busby v. Dretke*, 3-04-CV-0981-P, 2005 WL 1406049 at *3 (N.D. Tex. Jun. 14, 2005), *rec. adopted*, 2005 WL 1586115 (N.D. Tex. Jul. 5, 2005), *citing Johnson v. State*, 510 S.W.2d 944, 948 (Tex. Crim. App. 1974). This ground for relief is without merit and should be overruled.

D.

Petitioner also challenges the sufficiency of the evidence to support his conviction. More particularly, petitioner argues that the evidence was factually insufficient to prove that he knowingly

and intentionally kicked the officers or that the officers suffered bodily injury.

Under Texas law, intermediate appellate courts have the authority to review fact questions in criminal cases. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). This "factual sufficiency" review of the evidence is broader than a "legal sufficiency" challenge under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Instead of viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," a factual sufficiency inquiry views all the evidence to determine whether the verdict "is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Pruitt v. Cockrell*, No. 3-00-CV-1713-H, 2001 WL 1115339 at *13 (N.D. Tex. Sept. 14, 2001), *quoting Clewis*, 922 S.W.2d at 129. The power of state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory and constitutional authority. *Id.* at *14, *citing Clewis*, 922 S.W.2d at 129-30, *and Bigby v. State*, 892 S.W.2d 864, 874-75 (Tex. Crim. App. 1994), *cert. denied*, 115 S.Ct. 2617 (1995). There is no corresponding right of review under the United States Constitution. *Id.* Consequently, a claim based on factually insufficient evidence does not implicate a federal constitutional right and is not cognizable under 28 U.S.C. § 2254. *See id.*

Here, petitioner claims that the evidence was *factually insufficient* to support his conviction. He does not challenge the *legal sufficiency* of the evidence under *Jackson*. Therefore, petitioner is not entitled to federal habeas relief on this ground.

E.

Finally, petitioner argues that the trial court erred in not ruling on his motion to suppress evidence seized by the police during the search of his car.

A federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided an opportunity for full and fair litigation of the issue. *Stone v. Powell*, 428 U.S. 465, 493-95, 96 S.Ct. 3037, 3052-53, 49 L.Ed.2d 1067 (1976); *Williams v. Collins*, 16 F.3d 626, 637 (5th Cir.), *cert. denied*, 115 S.Ct. 42 (1994). This rule applies to all claims arising under the Fourth Amendment. *See, e.g. Williams*, 16 F.3d at 637 (search and seizure); *Cardwell v. Taylor*, 461 U.S. 571, 572, 103 S.Ct. 2015, 2016, 76 L.Ed.2d 333 (1983) (arrest). A petitioner must plead and prove that the state court proceeding was inadequate in order to obtain post-conviction relief in federal court. *Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986).

The court initially observes that the record does not contain any evidence that petitioner or his attorney filed a motion to suppress, much less requested a hearing on the motion.[3] In any event, petitioner was afforded a full and fair opportunity to litigate any search and seizure claims at trial and on direct appeal. Absent new evidence to support such a claim that was not available at the time of trial, petitioner is barred from seeking federal habeas relief on this ground. *See Andrews v. Collins,* 21 F.3d 612, 631 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 908 (1995) (applying *Stone* bar in absence of new facts that were not developed at trial); *Williams*, 16 F.3d at 637.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

---

[3] The state court record contains several *pro se* motions filed by petitioner, including: (1) a motion to reduce third-degree felony to a misdemeanor; (2) a motion to quash the enhancement count of the indictment; (3) a grievance against his attorney; and (4) a motion in limine regarding prior convictions. (*See* St. App. Tr. at 7-16). However, there is no indication that petitioner ever filed a motion to suppress.

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  November 3, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE